UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

RANTI OJO,

                Plaintiff,

– against –

WELLNESS HEALTH SYSTEMS, CORP., EDUCERUS HEALTH, LLC, BSSN ADMINISTRATIVE SERVICES, INC. GIOVANNI PESTANO, ALEJANDRO CASTRO, ANTOLIN PESTANO, JR. and ANDREW WALSH, *in their individual and professional capacities*,

                Defendants.

**MEMORANDUM & ORDER**

13-CV-4942 (ERK) (RLM)

KORMAN, J.:

      I assume familiarity with the background and procedural history of this case in which the defendants have defaulted. Briefly, the United States magistrate judge recommended a damage award on one cause of action and declined to award damages on a second cause of action because the latter failed to state a claim as to that cause of action. There is a conflict in Second Circuit case law as to the propriety of denying damages based on the failure of the plaintiff to state a cause of action when a defendant has defaulted by not appearing. There are cases that hold that the default, without more, establishes liability, and that the only issue to be determined is the amount of damages. *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 854 (2d Cir. 1995); *Flaks v. Koegel*, 504 F.2d 702, 706-07 (2d Cir. 1974); *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 70 (2d Cir. 1971). Indeed, in cases in which the complaint seeks damages in a sum certain, Fed. R. Civ. P. 55(b)(1) the clerk "must enter judgment for that amount and costs." Other cases hold that a district court has discretion to determine whether the allegations in a complaint, taken as true, establish a cause of action where damages are for other than a sum

1

certain. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *see also Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011); *City of New York v. Mickalis Pawn Shown, LLC*, 645 F.3d 114, 130-37 (2d Cir. 2011). Because the plaintiff has not appealed, I adopt the magistrate's recommendation without undertaking a de novo review of the basis for her refusal to award damages on the cause of action which she found failed to state a claim upon which relief may be granted. 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 131 F.ed 34, 38 (2d Cir. 1997).

**SO ORDERED.**

Brooklyn, New York
September 15, 2014

/s/
Edward R. Korman
Senior United States District Judge